**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EARL D. PRUITT, | ) Case No. CV 11-7756-GW (JPR) |
| Petitioner, | ) |
| | ) |
| vs. | ) ORDER ACCEPTING FINDINGS AND |
| | ) RECOMMENDATIONS OF U.S. |
| | ) MAGISTRATE JUDGE |
| TIMOTHY BUSBY, Warden, | ) |
| | ) |
| Respondent. | ) |
| | ) |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, records on file, and Report and Recommendation of the U.S. Magistrate Judge. On June 5, 2012, Respondent filed Objections to the Report and Recommendation. Petitioner did not file a response to the Objections.

Respondent argues that the 70-day delay between Petitioner's filing of his California Court of Appeal habeas petition and his California Supreme Court habeas petition was not "reasonable," Petitioner was therefore not entitled to "gap" tolling of that period, and the Magistrate Judge erred in finding to the contrary. (Objections at 3-9.) The Magistrate Judge found that the 70-day period was reasonable because during that time Petitioner significantly revised his habeas petition to add a claim that he had not presented in his court of appeal habeas

1

1  petition – specifically, he added the sentencing-error claim he

2  unsuccessfully tried to raise before the superior court in his

3  "Modification of Sentence" motion, along with revised argument

4  and citations to evidence from the record.  (<u>Compare</u> Lodged Doc.

5  9 ("Modification of Sentence Pursuant to Penal Code Section

6  1260") <u>with</u> Lodged Doc. 11 (supreme court habeas petition).)

7       In his Objections, Respondent argues that the addition of

8  that claim does not justify the 70-day delay because Petitioner

9  was "not seeking review of the lower court's ruling with respect

10 to that claim" but rather was "embarking on a new round of

11 collateral review."  (Objections at 7.)  But Petitioner was

12 indeed seeking review of a lower court's ruling: shortly after

13 the court of appeal denied his habeas petition, the superior

14 court denied his sentencing-error claim, and Petitioner then

15 revised it substantially in order to correct its deficiencies

16 before presenting it to the state supreme court as part of his

17 habeas petition.  <u>Cf.</u> <u>King v. Roe</u>, 340 F.3d 821, 823 (9th Cir.

18 2003) (gap tolling applies to period between denial of one

19 petition and filing of another when petitioner revises petition

20 to "correct the deficiencies" in the prior one), <u>abrogation on</u>

21 <u>other grounds recognized by</u> <u>Waldrip v. Hall</u>, 548 F.3d 729 (9th

22 Cir. 2008).

23      Several factors support the Magistrate Judge's conclusion

24 that the 70-day gap in this case was reasonable.  First, the

25 length of the gap beyond the presumptively reasonable 60 days was

26 relatively modest, a mere 10 days.  Very few courts have found

27 gaps between 60 and 70 days to be unreasonable.  <u>See</u> <u>Gonzales v.</u>

28 <u>Hubbard</u>, No. CV 11-3395-GAF (AGR), 2011 WL 6951958, at *3 (C.D.

1  Cal. Nov. 28, 2011) (noting that "Respondent has failed to

2  identify any court that has found a delay of between 61 and 70

3  days unreasonable, even if completely unexplained"), accepted by

4  2012 WL 28649 (C.D. Cal. Jan. 4, 2012); Wynn v. Martel, No. CIV

5  S-09-2728 JAM DAD P, 2011 WL 864500, at *6 (E.D. Cal. Mar. 10,

6  2011) (noting that "district courts in California have generally

7  found that even unexplained delays of 61 to 70 days in pursuing

8  relief between courts are not unreasonable," and collecting

9  cases), accepted by 2011 WL 1811109 (E.D. Cal. May 12, 2011); but

10  see (Objections at 6 (listing three unpublished district court

11  decisions in which unexplained or patently illegitimate gaps

12  between 65 and 70 days were suggested to be unreasonable)).

13  Second, the state superior court did not deny Petitioner's

14  sentence-modification motion until February 3, 2011 – barely more

15  than a month before Petitioner filed his state supreme court

16  habeas petition, on March 9, 2011.  During that interval,

17  Petitioner substantially rewrote the claim in an attempt to

18  correct its deficiencies before presenting it to the supreme

19  court.  Third, Petitioner is thus unlike those claimants who

20  essentially sit on their hands during gaps longer than

21  presumptively reasonable and offer no explanation for the

22  additional delay.

23      None of the cases Respondent cites involve analogous facts

24  and thus do not compel a conclusion different from that reached

25  by the Magistrate Judge.  See King, 340 F.3d at 823 (addressing

26  propriety of gap tolling between denial of first petition to

27  California Supreme Court and later, "separate round" of petitions

28  commencing in court of appeal); McCoy v. Hedgpeth, No. 11-0653-

3

1   MMA (WVG), 2011 WL 6961023, at *4 (S.D. Cal. Aug. 3, 2011)

2   (analyzing gap tolling for period between two separate petitions

3   filed in same court of appeal when second petition "added two new

4   claims" that were "unrelated to the first Petition"), accepted by

5   2012 WL 33077 (S.D. Cal. Jan. 6, 2012); Hemmerle v. Schriro, 495

6   F.3d 1069, 1075-76 (9th Cir. 2007) (gap tolling unavailable for

7   time between petitioner's filing of two preliminary check-box

8   notices of intent to seek postconviction relief when first notice

9   did not include "any supporting documentation or factual

10  elaboration" and thus did not raise a "claim" that could be

11  tolled).

12      In particular, McCoy, the case that at first blush might

13  seem most analogous to this one, specifically rests on the fact

14  that the two petitions at issue were filed in the same court,

15  rendering the second one clearly successive.  See 2011 WL

16  6961023, at *3 ("Statutory tolling is unavailable for the

17  interval between successive filings in the same court," and

18  citing cases; "The Ninth Circuit applies a two part test to

19  determine whether the period between the denial of one petition

20  and the filing of a second petition in the same court should be

21  tolled," and citing cases).  (Hemmerle, too, concerns a

22  successive petition filed in the same court and the gap between

23  it and the first petition in that court.  See 495 F.3d at 1075.)

24  Here, by contrast, what's at issue is the gap between a court of

25  appeal habeas petition raising three claims and a subsequent

26  habeas petition raising those same three claims plus one

27  additional one.  Given that the California Supreme Court is a

28  court of original jurisdiction and thus one in which habeas

claims may be raised for the first time, the distinction is not
insignificant.  Moreover, the gap at issue in McCoy, almost five
months, see 2011 WL 6961023, at *4, is substantially longer than
the 70 days here.  Certainly anything more than the very modest
delay at issue here would likely not be appropriate in these
circumstances.  Finally, the second petition in McCoy contained
mostly new claims and thus truly was attempting to initiate an
entirely separate round of review, see id., whereas the state
supreme court petition here consisted primarily of claims
Petitioner had raised in his court of appeal petition and thus
was simply a continuation of the first and only round of
postconviction review.

     In sum, the Court is not awarding Petitioner gap tolling
between a first round of postconviction review and a second,
separate round.  Indeed, the Report and Recommendation
recommended that Petitioner not receive tolling for the pendency
of the Modification of Sentence motion.  (See Report &
Recommendation at 8-9.)  Rather, the Court simply concludes that
given Petitioner's substantial rewriting of the claim raised in
that motion before presenting it (as well as three claims that
were in his state court of appeal habeas petition) to the state
supreme court, the short 10-day delay beyond the presumptively
reasonable 60-day period for filing a petition in the next
highest court was itself reasonable.  The Court therefore accepts
the findings and recommendations of the Magistrate Judge.

1      IT THEREFORE IS ORDERED that Respondent's motion to dismiss

2   is DENIED.  Respondent is ORDERED to file an Answer to the

3   Petition within 28 days of service of this Order.

4

5   DATED: August 29, 2012      _____

6                               GEORGE H. WU
                                U.S. DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28